IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**QUINTON SETTLES**                                                                  **PETITIONER**
**ADC #160480**

**V.**                      **CASE NO. 4:18-CV-881-BRW-BD**

**ARKANSAS, STATE OF**                                            **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Billy Roy Wilson. Petitioner Quinton Settles may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Settles does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**      **Discussion:**

Petitioner Quinton Settles is serving a sentence in the Arkansas Department of Correction ("ADC") after pleading guilty in Sebastian County Circuit Court to aggravated assault and domestic battery.[1] In his petition, Mr. Settles claims that he was "misrepresented with a public defender and also pled guilty to charges of which I didn't

---

[1] See Arkansas Judiciary Website, Docket Search, http://caseinfor.aoc.arkansas.gov; *State v. Settles*, 66FCR-15-92, Plea (Feb. 4, 2015).

know how serious those charges were; leaving me to get a probation revocation out of Pulaski County on March 30th 2015. . . ." (Docket entry #1 at 1)

By order issued on November 30, 2018, the Court notified Mr. Settles of several problems with his petition. Particularly, the Court noted that he had not filed a motion to proceed *in forma pauperis* or paid the $5.00 filing fee. The Court informed Mr. Settles that if he wished to pursue his case, he would have to file a request to proceed *in forma pauperis* or pay the $5.00 filing fee within 30 days of the order and that, otherwise, his petition would be dismissed. *See* Local Rule 5.5(c)(2) and the Federal Rules of Civil Procedure.

The Court also notified Mr. Settles that he had not stated that he is in custody in violation of the United States Constitution or federal law, which is a requirement for stating a valid claim for federal habeas corpus relief. See 28 U.S.C. §2254(a). The Court ordered Mr. Settles to file an amended petition within 30 days that complies with 28 U.S.C. §2254 by stating how his current custody violates the Constitution or laws of the United States. On December 7, 2018, Mr. Settles filed a second petition, docketed as an amended petition for writ of habeas corpus, that references Arkansas Code Annotated sections 16-112-101 through 123. In this second petition, Mr. Settles states that he "did not violate [his] probation says [Ark. Code Ann. §] 16-93-307(d)(3) out of Pulaski County." (#6 at 1) Like the original petition, the amended petition does not allege a violation of the United States Constitution or federal law.

Thirty days has passed, and Mr. Settles has not paid the filing fee or filed a motion to proceed *in forma pauperis* as ordered by the Court. Further, Mr. Settles has not filed

an amended petition that complies with the Court's order by stating a claim for federal habeas corpus relief.

### III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Settles has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. Settles has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV. Conclusion:

For the reasons set forth above, the Court recommends that Quinton Settles's petition be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's November 30, 2018 Order.

DATED this 2nd day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE